ESTATE OF CHARLES J. ROSEBAULT, LAURA D. ROSEBAULT, EXECUTRIX, PETITIONER, v. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 15393.    Promulgated January 5, 1949.

*Mark G. Holstein, Esq.*, for the petitioner.
*Rigmor O. Carlsen, Esq.*, for the respondent.

OPINION.

HILL, *Judge*: The sole issue in this case is whether the transfer by decedent to his wife of approximately $40,000 worth of securities on June 18, 1941, was made in contemplation of death.

It is well established that the words "in contemplation of death" mean that the thought of death is the impelling cause of the transfer and, furthermore, that the estate tax does not cover a gift *inter vivos* which springs from a different motive. *United States* v. *Wells*, 283 U. S. 102. Hence, in the instant case we must detect the donor's dominant motive in the light of his bodily and mental condition at the time of the transfer and determine whether it was associated with life or with death.

We have found as a fact that up until the time of his sudden death, including the period when the transfer was made, decedent was in normal good health, regularly engaged in his business and social pursuits, and had no reason to apprehend death. It is true that decedent was 76 years old at the time of the gift, yet age in itself can not be regarded as a decisive test of the motive behind the transfer. *United States* v. *Wells, supra*, and *Estate of Oliver Johnson*, 10 T. C. 680. Thus, the preponderance of evidence relating to the donor's physical condition leads to the conclusion that the gift was not motivated by any premonition of death.

It is noteworthy that decedent transferred these securities to his wife more than two years after he had written his last will and almost three years before his death. Therefore, there is no such propinquity

between these three events that we can infer therefrom that decedent was in a testamentary frame of mind at the time he made the transfer.

Turning to the evidence bearing on decedent's motives at the time of the gift, we find that his first avowed reason for the transfer was a desire to save income taxes. Surrounding facts support a conclusion that the gift did accomplish this purpose. We may assume that decedent paid the tax on all income arising from the joint account, for his wife never contributed assets thereto. It is obvious that by reducing the value of securities in the joint account from over $120,000 to approximately $80,000, decedent would reduce his taxable income and the tax reduction thus accomplished would more than offset the increased income tax liability of Laura Rosebault caused by raising the value of her securities to approximately $80,000. It is well settled that a desire to save income taxes is a motive associated with life. *Becker* v. *St. Louis Trust Co.*, 296 U. S. 48; *City Bank Farmers' Trust Co.* v. *McGowan*, 142 Fed. (2d) 599.

The second reason for the transfer given by decedent was his wish to compensate his wife for losses suffered by her in the crash of 1929–1930 due to poor advice he had given her in the purchase of securities. The facts also give credence to this purpose. Mrs. Rosebault always followed decedent's advice in making investments and had lost between $35,000 and $40,000 in the crash, a sum roughly equal to the amount of decedent's gift. The responsibility decedent felt for these losses is reasonable, because his wife relied exclusively on his judgment in financial matters. The gift restored the income from her individual account to approximately its prior level and enabled her to meet her present personal needs therefrom. If he had not made this transfer she would have had to postpone satisfaction of these wants out of the joint account until after his death, for she did not consider that she was entitled to draw on this account during his life. The mere fact that the discharge of this moral obligation was postponed until 1941 in no way detracts from its validity. The satisfaction of a moral obligation has been recognized by the courts as a motive associated with life. *United States* v. *Wells, supra; Allen* v. *Trust Co. of Georgia*, 326 U. S. 630.

Respondent argues that the sole motive behind decedent's gift was the desire to reduce his estate taxes, a motive concededly associated with death, and that therefore decedent's transfer was made in contemplation of death. There is no question that all securities in the joint account at the time of decedent's death were a part of his gross estate. It is true the transfer enabled decedent to reduce the value of this account by $47,214.05. Yet the fatal weakness in respondent's contention is that any gift *inter vivos* by a decedent will necessarily reduce his estate tax. There is no basis in the law for the conclusion that such a consequence alone causes the transfer to be in contemplation

of death.  As the Court of Appeals for the Fifth Circuit said in the recent case of *Allen* v. *Trust Co. of Georgia*, 149 Fed. (2d) 120, this argument:

&ast; &ast; &ast; ignores the fact that a man has a right to take any lawful steps, &ast; &ast; &ast; in order to save taxes. *Gregory* v. *Helvering*, 293 U. S. 465. &ast; &ast; &ast; But an irrevocable or absolute gift not made in contemplation of death, is not taxable despite the fact that incidental benefit in the avoidance of estate taxes will result on the death of the donor. Every gift has that incidence.

The mere fact that decedent was conscious of the estate tax consequences of his act does not mean that this was the primary aim of the transfer, and all the evidence rebuts such a conclusion.  Such a purpose was not even mentioned by decedent in discussing the transfer with his wife.  Had this been the compelling motive, certainly he would have disposed of more than $40,000, for the resulting reduction in his estate tax would have more than compensated for any gift tax liability. As it was, the transfer still left $117,379.17 in the estate at his death, upon which a tax of over $8,000 was paid.  The estate escaped neither the basic tax nor the surtax by virtue of the gift.  We hold that the compelling causes of the gift were to save income taxes and to fulfill a moral obligation to his wife.

Our examination of the donor's bodily and mental condition at the time of the transfer convinces us his dominant motive was one associated with life, even assuming that he considered the possibility of saving estate taxes.  The Supreme Court was faced with a similar fact situation in *Allen* v *Trust Co. of Georgia*, 326 U. S. 630.  The following statement, at page 635, is peculiarly germane to the instant case:

&ast; &ast; &ast; On the other hand, every man making a gift knows that what he gives away today will not be included in his estate when he dies.  All such gifts plainly are not made in contemplation of death in the statutory sense.  Many gifts, even to those who are the natural and appropriate objects of the donor's bounty, are motivated by "purposes associated with life, rather than with the distribution of property in anticipation of death." &ast; &ast; &ast;

In holding that the transfer was not in contemplation of death the Court relied on the test set forth in *United States* v. *Wells*, *supra*, and found the impelling cause of the transfer was associated with life.  In accordance with this decision, we hold that the transfer in the instant case was not in contemplation of death.

*Decision will be entered under Rule 50.*