ESTATE OF MAY HICKS SHELDON, DECEASED, WILLIAM M. McKELVY, FRANK B. INGERSOLL AND FIDELITY TRUST COMPANY, EXECUTORS, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 53616.   Filed October 31, 1956.

*Donald L. McCaskey, Esq.*, and *Robert F. Patton, Esq.*, for the petitioners.

*Albert J. O'Connor, Esq.*, for the respondent.

---

OPINION.

OPPER, *Judge:* Decedent was 80 years old when she died. The transfers which respondent has determined to have been in contemplation of death took place only about a year earlier. These are significant contributory facts in determining decedent's dominant motive. *United States* v. *Wells*, 283 U. S. 102; *Oliver* v. *Bell*, (C. A. 3) 103 F. 2d 760; *Estate of Ambrose Fry*, 9 T. C. 503. They are nullified here, however, by her apparent good health and the recognized longevity of her family.

Respondent disagrees with the conclusion that decedent's health was apparently good, or at least with the statement that petitioner has carried its burden of proving it. But we think the conclusion warranted notwithstanding the absence of any medical testimony. At the time of questioning, the lay witnesses gave unanimous evidence of decedent's vigor and lack of any experience of serious illness; and even after she became subject to the condition which eventually proved fatal, the evidence is clear that she was unaware of it and that information about it was purposely withheld from her. The testimony adduced, in our view, overcomes both the presumption supporting respondent as well as any unfavorable inferences to be drawn from decedent's age and the absence of expert testimony. There is the further negative factor that the amount transferred, though large, was a comparatively small portion of her total estate. See, e.g., *Estate of Oliver Johnson*, 10 T. C. 680.

Even so, and without more, the proof would be in such equipoise that respondent might prevail. There is in addition, however, the testimony given by decedent's financial adviser as to decedent's motive for the transfer, or at least his motive in advising her. *Estate of Frank F. Tillotson*, 44 B. T. A. 644. His statements were made under oath, and were corroborated in a general way by decedent's attorney, and in the absence of specific contradiction we do not feel free to disregard or fail to credit them. His evidence was that he "recommended some plans to reduce her income tax * * * I recommended specifically that she make a gift for the benefit of her daughter which we estimated would save for the family between herself and her daughter over $7,900 a year in income tax. * * * That if she made a gift of $500,000 that the gross income that she was giving away would not be the amount of spendable income that she was reducing * * *." The transfers ensued almost immediately thereafter, following the advice thus given, and it is fair to infer she obtained her motivation

from that cause. *Estate of Louis Richards*, 20 T. C. 904, affirmed per curiam (C. A. 9) 221 F. 2d 808. A purpose to save income taxes while at the same time retaining the income in the family is one associated with life and contradicts any assumption of contemplation of death. *Estate of Charles J. Rosebault*, 12 T. C. 1; *Estate of Genevieve Brady Macaulay*, 3 T. C. 350, affd. (C. A. 2) 150 F. 2d 847. See *City Bank Farmers Trust Co.* v. *McGowan*, (C. A. 2) 142 F. 2d 599, modified 323 U. S. 594.

We have accordingly determined, as embodied in our Findings of Fact, that the transfers in controversy were not made in contemplation of death. Such a finding disposes of the issue. *Colorado National Bank* v. *Commissioner*, 305 U. S. 23; *Allen* v. *Trust Co.*, 326 U..S. 630.

For the purpose of permitting computation of estate fees and expenses,

*Decision will be entered under Rule 50.*